# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2936 | **DATE** | 1/25/2002 |
| **CASE TITLE** | USA ex. rel. Whitfield vs. William E. Boyd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Whitfield has procedurally defaulted his federal constitutional claims. As such, his petition for writ of habeas corpus is denied. In court hearing set for 2/14/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 29 2002 date docketed | 34 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/25/2002 | |
| GL | courtroom deputy's initials | 02 JAN 28 AM 9:43 | date mailed notice GL mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. HEZEKIAH WHITFIELD, )
)
Petitioner, )
)
) Case No. 01 C 2936
v. )
)
)
WILLIAM E. BOYD, )
)
Respondent. )
)

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Hezekiah Whitfield petitions us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his right to due process was violated by the admission at trial of evidence of another crime. Respondent William Boyd, Warden of Western Illinois Correctional Center, through James Ryan, Attorney General of the State of Illinois, filed an answer claiming that Petitioner's claims lack merit and are non-cognizable by this court for habeas review. For the reasons below, we deny Whitfield's habeas corpus petition.

PROCEDURAL BACKGROUND

On December 7, 1998, petitioner Hezekiah Whitfield was convicted of armed robbery and sentenced to 30 years in prison. He is currently serving his sentence in Western Illinois Correctional Center. On January 5, 1999, Whitfield appealed his conviction to the Illinois Appellate Court, First Division. The public defender of Cook County filed a motion for leave to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). The Illinois Appellate Court thereafter allowed the public defender's motion to withdraw as counsel and affirmed Whitfield's conviction. See Resp. Ex. C, People v Whitfield, No. 1-99-0151. On September 6, 2000, Whitfield filed a petition for leave to appeal to the Illinois Supreme Court. See Resp. Ex. D,

1

People v. *Whitfield*, No. 90172. On December 21, 2000, The Illinois Supreme Court denied his petition for leave to appeal. See Resp. Ex. E, People v. *Whitfield*, No. 90172. Accordingly, Whitfield asserts, and Respondent agrees, that he has exhausted his state court remedies in this case in that no state court avenues of review remain available to him.

On April 17, 2001, Whitfield filed a petition for writ of habeas corpus claiming that his due process right to a fair trial was violated by the admission of evidence regarding another crime and by the admission of photo mug shots from a previous arrest for that unrelated crime. Whitfield filed an Amended Petition for Writ of Habeas Corpus with this court on July 25, 2001.

## FACTS

Hezekiah Whitfield was convicted for the January 8, 1995 armed robbery of the Walker Brothers' Pancake House in Wilmette, Illinois. At the time he was charged for this crime, Whitfield was already in police custody for the January 16, 1995 armed robbery of the Roxy Café, a restaurant only several miles away from the Pancake House.

The cases presented striking similarities. Both robberies occurred at restaurants at or near closing time by someone who had surprising familiarity with the restaurants' layout and closing procedures. Evidence at trial established that Whitfield was a former employee of both restaurants. The robber of both restaurants used a gun of some kind and concealed his face with a mask. Furthermore, the robberies took place within a week of each other and at restaurants that were merely miles apart. Because evidence of other crimes is admissible where it is relevant to prove modus *operandi* or the identity of the offender, and there were sufficient similarities between the two robberies, the trial court judge deemed the Roxy Café robbery to be relevant and admissible.

But Whitfield's conviction was based on more than merely the evidence regarding the Roxy Café robbery. An eyewitness, who was the manager of the Pancake House and the victim of the robbery, identified Whitfield in a line-up and in open court as the robber. This fact, combined with

the robbers' detailed knowledge of the premises and the fact that Whitfield was a former employee of the Pancake House, buttressed the prosecution's case.

## ANALYSIS

Whitfield contends that his due process right to a fundamentally fair trial was violated by the admission of evidence that he committed other crimes, despite a defense motion in *limine* to exclude. Specifically, Whitfield argues that his due process right was violated by the admission of (1) physical evidence recovered during his arrest for the Roxy Café robbery, (2) evidence of his struggle with the police and attempt to flee during the arrest for the Roxy Café robbery, (3) testimony that he threw a chair at arresting officers after being ordered to freeze following the Roxy Café robbery, (4) the photo mug shot of him following his arrest for the Roxy Café robbery, and (5) the prosecution's reference, during closing argument, to the fact of Whitfield's arrest for the Roxy Café robbery and the physical evidence discovered during that arrest.

Federal habeas relief is only granted to petitioners who can establish that their incarceration violated federal law. E*stelle v. McGuire*, 502 U.S. 62, 78 (1991); Haas *v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990). Claims that a state court erred in applying its own law are simply not cognizable on habeas review. J*ones v. Thieret*, 846 F.2d 457, 459-61 (7th Cir. 1988); Zamora *v. Pierson*, 158 F.Supp.2d 830, 835 (N.D. Ill., March 30, 2001). As such, "a federal court can issue a writ of habeas corpus on the basis of a state court evidentiary ruling only when that ruling violated the defendant's right to due process by denying him a fundamentally fair trial." Milone *v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994), cert. *denied*, 513 U.S. 1076 (1995); Hass, 910 F.2d at 389 ("state court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ of habeas corpus"). In short, an erroneous evidentiary ruling must be so substantial that there is "a significant likelihood that an innocent person has been convicted." A*nderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir., March 15,

2001), cert. *denied*, 122 S.Ct. 294 (2001) (citing *Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999).

Procedural Default

Before considering a petition for habeas corpus on it merits, a district court must inquire as to whether the petitioner has raised all the relevant constitutional claims during the course of the state court proceedings. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). Such 'fair presentment' of federal claims to the state court is a precondition to avoid procedural default of a petitioner's constitutional claims. This concern with the fair presentment of an issue to the state courts as necessary for habeas relief is a reflection of the Supreme Court's concern for federal-state comity. *Id.* As the Court stated in *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981), "it would be unseemly in our dual system of government for the federal courts to upset a state court conviction without affording to the state courts the opportunity to correct a constitutional violation."

"[F]or a [federal] constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court." Verdin, 972 F.2d at 1474 (internal citation omitted). The court must consider whether the petitioner's argument (1) relied on pertinent federal cases, (2) relied on state cases applying federal constitutional analysis to a similar fact pattern, (3) asserted the claim in terms so particular as to call to mind a specific constitutional infraction or (4) alleged a pattern of facts well within the mainstream of constitutional litigation. *Verdin*, 972 F.2d at 1473-74. *See also Wilson v. Briley*, 243 F.3d 325, 327-28 (7th Cir. 2001).

At both levels of his appeal, Whitfield relied exclusively on state evidentiary law in arguing that other crimes evidence was wrongly admitted.[1] At no point did he cite federal case law or the federal constitution when making his claims. Moreover, the state law cases he cited that presented similar factual situations to his case did not involve the application of federal

---

[1] In coming to this conclusion, we examined the arguments and case law of Whitfield's 'Motion to Strike Counsel's Motion to Withdraw as Counsel under Anders' and his 'Petition for Leave to Appeal' to the Illinois Supreme Court. See Resp. Ex. B & D.

4

constitutional law. Nor did he assert a claim in terms so particular as to call to mind a specific federal constitutional infraction. Indeed, his claim is argued solely with regard to the application of Illinois law dealing with the admissibility of other crimes evidence. Finally, we are unconvinced that Whitfield has alleged a pattern of facts well within the mainstream of constitutional litigation. Accordingly, we cannot address the merits of his claim that the other crimes evidence should not have been admitted. The federal constitutional claims argued in Whitfield's habeas corpus petition were simply not presented to the state courts. This failure to present a federal claim at the state level constitutes procedural default. See *Wilson v. Briley*, 243 F.3d 325, 327-28 (7th Cir. 2001).

Procedural default can be overlooked when a petitioner can show cause and prejudice for the default, or if a fundamental miscarriage of justice would occur unless the federal court heard the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Whitfield, however, has not attempted to make either showing.

Finally, contrary to Whitfield's assertion, Respondent's failure to raise the procedural default argument in its first answer is not an automatic waiver of that argument. The Seventh Circuit has noted that although "a district court is permitted ... to raise a [procedural default] defense sua sponte, the court is not permitted to override the state's decision implicit or explicit ... to forego that defense." *Henderson v. Thieret*, 859 F.2d 492, 498 (7th Cir.1988), cert. *denied*, 490 U.S. 1009 (1989). In the present case, however, we have no reason to believe that the state intentionally waived the procedural default defense. Thus, our decision to raise the issue *sue sponte* is proper.

## CONCLUSION

Whitfield has procedurally defaulted his federal constitutional claims. As such, his petition for writ of habeas corpus is denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 1/25/02

5