# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2936 | **DATE** | 3/12/2002 |
| **CASE TITLE** | | USA vs. William Boyd | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Whitfield's motion for issuance of certificate of appealability (37-1) as to the specific issue defined is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 1-Appeal ctle. | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 1 4 2002 | 38 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3/12/2002 | |
| | | | | date mailed notice | |
| GL | courtroom deputy's initials | | | GL | |
| | | | | mailing deputy initials | |

Date/time received in central Clerk's Office

UNITED STATES ex rel. HEZEKIAH WHITFIELD,   )
                                            )
                    Petitioner,             )
                                            )       Case No. 01 C 2936
        v.                                  )
                                            )
WILLIAM BOYD,                               )
                                            )
                    Respondent.             )

**DOCKETED**

MAR 1 4 2002



## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On December 7, 1998, Petitioner Hezekiah Whitfield was convicted of armed robbery and sentenced to 30 years imprisonment. His unsuccessful appeals and post-conviction petitions have culminated thus far in his petition for writ of habeas corpus. On January 29, 2002, we dismissed Whitfield's petition. *Whitfield v. Boyd*, No. 01 c 2936, 2002 WL 122513 (N.D.Ill.). He has now moved that we grant him a certificate of appealability ("COA"). We grant his motion.

A COA is required to take an appeal to the Court of Appeals from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). The Supreme Court, in *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), elucidated two methods by which a district court is to evaluate a request for a COA. First, when the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Alternatively, "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

at 484 (emphasis supplied). Pursuant to the guiding principle laid out in *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), the Court encouraged district courts to resolve procedural issues first, if their resolution would avoid the need to pass upon the constitutional questions. Slack, 529 U.S. at 485.

Whitfield seeks a COA as to the following issue: whether his "due process right to a fair trial was violated by the admission, despite a defense motion in limine [to exclude], of evidence that Whitfield had committed an unrelated crime, after which, one of the arresting officers was struck by a chair, and the admission of the photo mug-shot following his arrest for that offense, since that evidence was irrelevant to the offense for which Whitfield was being tried." Mot. for COA, Whitfield, pp. 2-3.

<u>ANALYSIS</u>

Our dismissal of Whitfield's habeas claim was based upon his procedural default of that claim at the state court level. Having dismissed the claim in this procedural manner, we did not reach the merits of his habeas petition. Thus, under the second *Slack* test outlined above, a COA will not issue unless we hold "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis supplied).

As to our procedural ruling, we hold that jurists of reason would find it debatable whether we were correct in our procedural ruling. Our ruling was based upon the holding of *Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992), in which the court held that, to avoid procedural default, a habeas petitioner must have fairly presented his federal claims to the underlying state court for review. According to the court in *Verdin*, this requirement of fair presentment is satisfied when the petitioner's argument at the state level (1) relied on pertinent federal cases, (2) relied on state cases applying federal constitutional analysis to a similar fact pattern, (3) asserted the claim in terms so particular as to call to mind a specific constitutional

infraction or (4) alleged a pattern of facts well within the mainstream of constitutional litigation. Id.

We held that Whitfield did not meet the requirements of this test. However, we recognize that the application of the *Verdin* test to this case, specifically as to elements (3) and (4), is subject to differing interpretations. As such, we agree that jurists of reason could debate our procedural ruling.

The next step of the COA analysis requires us to find that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Having only ruled on the procedural default issue, we did not have occasion to reach the merits of Whitfield's claim. However, upon cursory review, it appears that jurists of reason could differ as to the petition's merits. Whitfield has therefore satisfied the *Slack* test and should be granted a COA to proceed on appeal.

CONCLUSION

Whitfield's motion for issuance of a certificate of appealability as to the specific issue defined above is granted.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated  3/11/02